## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| MCAUTHUR WHITE, JR. | CIVIL ACTION NO. 18-1185 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| LINCOLN PARISH DETENTION CENTER, ET AL. | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Plaintiff McAuthur White, Jr., a prisoner at Lincoln Parish Detention Center proceeding pro se and in forma pauperis, filed the instant Complaint on September 7, 2018, under 42 U.S.C. § 1983. He names the following Defendants: Lincoln Parish Detention Center, Lincoln Parish Police Jury, Dr. Pamela Hearn, Nurse Vickie Reeves, Warden Jim Tuten, Assistant Warden Pam Tolbert, and Sheriff Mike Stone.[1] For the following reasons, it is recommended that Plaintiff's claims be dismissed.

### Background

Plaintiff alleges that, while he and other prisoners were waiting for medical care, Nurse Vickie Reeves exposed his medical condition to everyone in the room, stating, "this is my [little] cancer patient." [doc. # 5, p. 3]. Dr. Pamela Hearn then yelled at Plaintiff, stating that she would not give him any more Ensure. *Id.* Dr. Hearn also attempted to goad Plaintiff into revealing his medical problems to others in the room. *Id.*

Plaintiff asks the Court to terminate Dr. Hearn's employment, to suspend Nurse Reeves,

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

to order Hearn and Reeves to pay him $5,000.00 each, and to order the Lincoln Parish Detention Center to hire a physician "to give inmates proper medical treatment" and a psychiatrist to "assess" inmates. *Id.* at 4.

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft,* 556 U.S. at 662; *Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir. 1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153,* 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos,* 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle,* 788 F.2d 1116, 1120 (5th Cir. 1986).

## 2. HIPAA

Plaintiff claims that Defendants violated the Health Insurance Portability and Accountability Act ("HIPAA").  There is, however, "no private cause of action under HIPAA . . . ." *Acara v. Banks,* 470 F.3d 569, 572 (5th Cir. 2006); see *Adams v. Eureka Fire Prot. Dist.,* 352 Fed. App'x. 137, 139 (8th Cir. 2009) (per curiam) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action.").

To the extent Plaintiff suggests that Defendants Reeves and Hearn were negligent, allegations of negligence do not state claims of constitutional dimension. *Daniels v. Williams*, 474 U.S. 327, 336 (1986) (holding that the United States Constitution does not address injuries inflicted by governmental negligence); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) (recognizing that plaintiffs must "demonstrate culpability beyond mere negligence or even gross negligence.").[3]  Accordingly, Plaintiff's claim should be dismissed.

### 3. Harassment

Plaintiff claims that Dr. Pamela Hearn yelled at him, stating that she would not give him any more Ensure.  Verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983).  Likewise, allegations of mere verbal abuse do not give rise to a cause of action under Section 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *Siglar*, 112 F.3d at 191.  As Plaintiff does not state a claim of constitutional dimension, his claim should be dismissed.

### **Recommendation**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff McAuthur White, Jr.'s claims be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by

---

[3] See *Francis v. Young*, 2017 WL 4535289, at *3 (N.D. Tex. Sept. 11, 2017), report and recommendation adopted, 2017 WL 4513123 (N.D. Tex. Oct. 10, 2017) (holding that, while the defendants may have acted negligently in exposing the plaintiff's medical information, they did not violate a constitutional right).

this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 2nd day of October, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

5